UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
────────────────────────────────

MARVIN J. SNYDER,

        Petitioner,

  -vs-

STATE OF NEW YORK,

        Respondent.

────────────────────────────────

**DECISION AND ORDER**
**No. 6:12-CV-6555(MAT)**

## I.    Introduction

Marvin J. Snyder ("Petitioner") has petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is in state custody as a result of a judgment of conviction entered on December 21 2009, in Seneca County Court of New York State, following a jury verdict conviction him of Gang Assault in the First Degree (N.Y. Penal Law ("P.L.") § 120.07).

## II.   Factual Background and Procedural History

On September 26, 2007, Adrian Porter ("Porter") hung photographs, in his apartment complex, of registered sex offenders who lived in the area. One of the photographs depicted William Meacham, who also resided in the complex. That evening, William Meacham, Stephanie Meacham, Brandon Meacham, Angela Wheeler (f/k/a Angela Meacham), and Petitioner (a friend of the Meacham family) all confronted Porter. William Meacham said to Porter, "You have a fucking problem with me, you little bitch. . . . [Y]ou posted pictures up about me."  Porter stated something to the effect of, "I don't like sex offenders." Stephanie Meacham and William Meacham

called Porter a "nigger", and started yelling, "[K]ill him, kill him!"

Petitioner, the Meacham family, and Wheeler advanced on Porter. Petitioner swung a beer bottle at Porter but did not hit him. Traminique Porter ("Traminique"), Porter's daughter, grabbed Stephanie Meacham's hair and struck Stephanie's face with her hand. Stephanie Meacham, in turn, hit Traminique in the head with her bat, and Angela Wheeler hit Traminique across her back with her stick or board. Petitioner then placed his knee on Porter, and Petitioner, William Meacham, and others hit, kicked, and jumped on Porter. As a result of the attack, Porter suffered severe head injuries, was hospitalized for several weeks, and underwent rehabilitation.[1]

A Seneca County Grand Jury returned six separate indictments charging Petitioner, William Meacham, Stephanie Meacham, Brandon Meacham, Justin Meacham, and Angela Wheeler with first-degree gang assault. Stephanie Meacham and Angela Wheeler were each charged with other offenses relating to Porter's daughter. The indictments against Brandon Meacham and Justin Meacham were dismissed and their cases were transferred to Seneca Falls Town Court for a plea to a non-felony offense. Angela Wheeler pleaded guilty to attempted second-degree assault and was sentenced to 6 months of weekend incarceration and 5 years of probation.

---

[1]
Due to the severity of his injuries, Porter, the victim, was unable to testify at Petitioner's trial.

Before trial, the trial court granted the prosecution's motion to consolidate for trial the first-degree gang assault counts in the indictments against Petitioner, William Meacham and Stephanie Meacham. Their joint trial was held before County Court Judge Dennis F. Bender and a jury, from October 19 to 29, 2009.

On October 29, 2009, the jury returned a verdict finding Petitioner, William Meacham, and Stephanie Meacham guilty of Gang Assault in the First Degree as charged in the indictment. On December 21, 2009, the trial court sentenced Petitioner, as a second felony offender, to a determinate prison term of 13 years plus 5 years of post-release supervision. The trial court sentenced William Meacham, as second felony offender, to a determinate prison term of 14 years plus 5 years of post-release supervision. William Meacham's conviction was affirmed on appeal. Stephanie Meacham was sentenced to a determinate prison term of 13 years plus five years of post-release supervision.[2]

The Appellate Division, Fourth Department, affirmed Petitioner's conviction on direct appeal. People v. Snyder, 84 A.D.3d 1710 (4th Dep't 2011). On July 20, 2011, the New York State Court of Appeals denied leave to appeal. People v. Snyder, 17 N.Y.3d 810 (2011).

---

[2]

Respondent's attorney indicates that he has been informed by the Seneca County District Attorney's Office that Stephanie Meacham has not perfected her appeal.

This timely habeas petition followed in which Petitioner raises the following grounds for relief: (1) the trial court erred in consolidating the indictments of Petitioner, William Meacham, and Stephanie Meacham for trial; (2) the evidence was legally insufficient; (3) the verdict was against the weight of the evidence; (4) the trial court erred when it denied Petitioner's motion for a mistrial on the basis that a medical witness's trial testimony was at variance with her grand jury testimony; (5) Petitioner's actions were justified because he reasonably believed that Porter was going to use physical force on him; and (6) Petitioner's sentence was harsh and excessive.

Respondent answered the petition, interposing the defenses of non-exhaustion and procedural default as to all claims except the insufficiency-of-the-evidence claim. Respondent argues that, in any event, none of Petitioner's claims warrants habeas relief, and that several of the claims are not cognizable on habeas review. Petitioner did not file a reply brief.

For the reasons discussed below, Petitioner's request for a writ of habeas corpus is denied, and the petition is dismissed.

## III. Exhaustion

### A.   General Legal Principles

A petitioner in a habeas corpus proceeding must exhaust all available state court remedies for each claim prior to federal review. See 28 U.S.C. § 2254(b), ©; see also, e.g., Lurie v. Wittner, 228 F.3d 113, 123-24 (2d Cir. 2000). To satisfy the

exhaustion requirement, a petitioner must have "fairly presented," Picard v. Connor, 404 U.S. 270, 275 (1971), his claim in a manner "likely to alert the [state] court to the claim's federal nature." Daye v. Attorney Gen'l of the State of N.Y., 696 F.2d 186, 192 (2d Cir. 1982) (in banc). Although the petitioner need not have cited "book and verse on the federal constitution," he must have articulated "the substantial equivalent" of the federal habeas claim. Id. at 278 (citations and internal quotation marks omitted). He can accomplish this by (a) relying on "pertinent federal cases employing constitutional analysis," (b) relying on "state cases employing constitutional analysis in like fact situations," (c) asserting "the claim in terms so particular as to call to mind a specific right protected by the Constitution," or (d) alleging "a pattern of facts that is well within the mainstream of constitutional litigation." Daye, 696 F.2d at 194; see also Ramirez v. Attorney Gen'l of the State of N.Y., 280 F.3d 87, 94 (2d Cir. 2001).

When a habeas petitioner fails to adequately present his federal claim to the state courts and faces a state procedural bar were he to attempt to return to state court and re-present the claim, the federal court must deem the claim exhausted but procedurally defaulted. Aparicio v. Artuz, 269 F.3d 78, 90 (2d Cir. 2001). A petitioner may overcome the procedural default that arises in this situation by demonstrating cause for the default and prejudice resulting therefrom, or by showing that a fundamental

miscarriage of justice will occur should the federal court decline to hear his habeas claim on the merits. Id. (citation omitted).

**B.   Analysis**

Respondent argues that the following claims are unexhausted because they were not presented in federal constitutional terms on direct appeal: (1) the trial court erred in consolidating the indictments of Petitioner, William Meacham, and Stephanie Meacham ("the consolidated indictments claim"); (2) Petitioner's actions were justified because he reasonably believed the victim was about to use physical force against him ("the justification claim");[3] and (3) the trial court erred in denying his motion for a mistrial ("the mistrial claim").

With regard to the consolidated indictments claim, although he argued it in his appellate brief, Petitioner cited only cases applying New York state law and sections of New York's Criminal Procedure Law.   See Petitioner's Appellate Brief ("Pet'r App. Br."), Point One, pp. 16-18, Respondent's Exhibit ("Resp't Ex.") A.

Likewise, with regard to the justification claim, Petitioner cited only cases applying New York state law and sections of New

---

[3] At defense counsel's request, the trial court instructed the jury regarding the defense of justification, which required the prosecution to prove, as an additional element of first degree gang assault, that Petitioner was not justified in using deadly physical force against porter. See T.1804-09. One of the defense theories was that Porter initiated the conflict by hanging posters of William Meacham and then escalated the conflict by returning to his apartment to retrieve a machete. See Pet'r App. Br., pp. 25, 27.

York's Penal Law when he argued this claim in his appellate brief. See Pet'r App. Br., Point Four, pp. 26-27, Resp't Ex. A.

Finally, when he argued on direct appeal that the trial court erroneously denied his motion for a mistrial, Petitioner cited only New York state law cases and the section of New York's Criminal Procedure Law pertaining to mistrials. See App. Br., Point Five, pp. 29-30, Resp't Ex. A.

The consolidation claim and the mistrial claim both concern rulings by the trial court, and thus are record based. Similarly, the justification claim–whether viewed as an insufficiency-of-the-evidence or weight-of-the-evidence claim,[4] was apparent on the trial record. Because all three claims are record-based, they could have been raised on direct appeal. For this reason, Petitioner is now barred from raising them in a collateral motion to vacate the judgment pursuant to New York Criminal Procedure Law ("C.P.L.") § 440.10 in state court. See N.Y. CRIM. PROC. LAW § 440.10(2)(c) (mandating that the trial court "must" deny any issue raised in a C.P.L. § 440.10 motion where the defendant unjustifiably failed to argue such violation on direct appeal despite a sufficient record to do so); Aparicio, 269 F.3d at 90 ("New York does not otherwise permit collateral attacks on a conviction when the defendant

---

[4]    Petitioner, in his appellate brief, did not indicate whether his justification argument was based on the legal insufficiency of the evidence or the weight of the evidence. See People's Appellate Brief, p. 42 (discussing justification claim).

-7-

unjustifiably failed to raise the issue on direct appeal.") (citing N.Y. CRIM. PROC. LAW § 440.10(2)(c)).

Petitioner cannot pursue a second direct appeal, for under New York State law, a criminal defendant is only entitled to one appeal to the Appellate Division and one request for leave to appeal to the Court of Appeals. See N.Y. CT. RULES § 500.20(a)(2) (providing that application for leave to appeal to the New York Court of Appeals in a criminal case pursuant to New York Criminal Procedure Law § 460.20 must include statement that "no application for the same relief has been addressed to a justice of the Appellate Division, as only one application is available"); N.Y. CRIM. PROC. LAW § 450.10(1); see also N.Y. CT. RULES § 500.20(d) ("A request for reargument or reconsideration shall not be based on the assertion for the first time of new points, except for extraordinary and compelling reasons.").

Since Petitioner has no further recourse in state court, these unexhausted claims should be deemed exhausted. E.g., Reyes v. Keane, 118 F.3d 136, 139 (2d Cir. 1997). However, the foregoing procedural bars to presentment in state court, which causes the Court to deem the claims exhausted, also renders them procedurally defaulted. See id. at 139-40 ("Although Petitioner's claim of ineffective assistance is deemed exhausted, we nonetheless find that, by defaulting on that claim in state court, Reyes forfeits that claim on federal habeas review, even though the claim is

-8-

brought as cause for another procedural default.") (citing <u>Gray v. Netherland</u>, 518 U.S. 152, 162 (1996)).

To avoid such a procedural default, a habeas petitioner must demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. <u>Gray</u>, 518 U.S. at 162 (citations omitted). Petitioner has made no attempt to proffer any explanation for his failure to fully pursue his state court remedies, and the Court finds no basis on this record to excuse the procedural defaults. Accordingly, the Court dismisses the consolidated indictments claim, the justification claim, and the mistrial claim as procedurally defaulted.

## IV. Discussion of Petitioner's Remaining Claims

### A.   Legal Insufficiency of the Evidence

As he did on direct appeal, Petitioner here asserts that the prosecution failed to adduce legally sufficient evidence to prove beyond a reasonable doubt that he caused serious physical injury to Porter.

The Due Process Clause of the Fourteenth Amendment prohibits a criminal conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime. . . ." <u>In re Winship</u>, 397 U.S. 358, 364 (1970). A habeas court reviewing a claim for insufficiency of the evidence must determine "whether, after viewing the evidence in the light most favorable to the

prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original); see also Maldonado v. Scully, 86 F.3d 32, 35 (2d Cir. 1996). Thus, "a petitioner bears a very heavy burden in convincing a federal habeas court to grant a petition on the grounds of insufficiency of the evidence." Fama v. Commissioner of Corr. Servs., 235 F.3d 804, 811 (2d Cir. 2000).

A habeas court reviewing a sufficiency of the evidence claim first looks to state law to determine the elements of the crime for the petitioner was convicted. E.g., Ponnapula v. Spitzer, 297 F.3d 172, 179 (2d Cir. 2002) (citation omitted). Under New York law, to establish that Petitioner was guilty of Gang Assault in the First Degree (P.L. § 120.07), the prosecution was required to establish that, with intent to cause serious physical injury to Porter, and when aided by two or more other persons actually present, Petitioner caused serious physical injury to Porter. "Serious physical injury" "means physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ." N.Y. PENAL LAW § 10.00(10).

As the Appellate Division noted, "[t]wo prosecution witnesses [Roy Stedge and William Rivera] testified that they observed [Petitioner] beating or kicking the victim as he lay defenseless on

the ground[,]" and "[a]nother witness [Stacy Mateo] testified that
[Petitioner] was among a group of people that surrounded the victim
during the beating, although she admitted that she was uncertain
which individuals took part in the beating." People v. Snyder, 84
A.D.3d at 1711. Specifically, Roy Stedge ("Stedge"), who lived at
the apartment complex where the incident occurred, heard screaming
and yelling, looked out his window, and saw Petitioner and William
Meacham chasing Petitioner. T.1032-36. Stedge saw William Meacham's
hands move back to swing at Petitioner, who fell to the ground, his
head bouncing off the pavement. T.1036. Stedge observed Petitioner
kneel down and place his knee on Porter. He then saw Petitioner,
along with various members of the Meacham family, on top of Porter,
hitting him repeatedly. T.1036-38.

William Rivera ("Rivera") observed William Meacham confront
Porter and saw that Petitioner, Wheeler, and other members of the
Meacham family also were present. T.1102-03. Rivera witnessed
"punches being thrown and things being waved" by parties on both
sides of the altercation. T.1100, 1104-05. Rivera specifically saw
Petitioner throwing punches at Porter. T.1106. After the
confrontation moved around the corner of Building B of the complex,
Rivera saw Porter fall to the ground and "the Meacham family
jumping on him," "kicking him, [and] punching him[.]" T.1106-08.
Rivera observed Petitioner "swinging at [Porter] and kicking
him[.]" T.1108.

Finally, Stacy Mateo ("Mateo") testified that Porter retrieved a machete from his apartment after the Meacham family showed up with makeshift weapons and confronted him about the photos. T.1306-08. Porter then chased William Meacham, Petitioner, and other Meacham family members towards Building A or B. After Porter threw the machete down, Porter and Petitioner got into a fist-fight. T.1310. Porter then fled, and Mateo observed William Meacham, Justin Meacham, Brandon Meacham, and Petitioner chasing after Porter. T.1310-11. Mateo saw William Meacham, Justin Meacham, Brandon Meacham, and Petitioner standing next to Porter when Porter was lying on the ground being kicked and struck, but she could not identify who actually did the kicking and striking. T.1311-12.

In light of this evidence, this Court sees no error in the Appellate Division's conclusion that viewing the testimony "in the light most favorable to the People. . . there was a '"valid line of reasoning and permissible inferences [that] could lead a rational person' to convict"' defendant of gang assault in the first degree[.]" Snyder, 84 A.D.3d at 1711 (internal and other quotations omitted).

To the extent Petitioner challenges the sufficiency of the evidence based upon Stedge's and Rivera's lack of credibility, the weight given to a witness's testimony is a question of fact to be determined by the jury, Mason v. Brathwaite, 432 U.S. 98, 116 (1977), and a district court sitting in habeas review must resolve all credibility issues in the verdict's favor and cannot

second-guess the jury's determinations. <u>See</u> <u>Bossett v. Walker</u>, 41 F.3d 825, 830 (2d Cir. 1994) (rejecting habeas petitioner's challenge to sufficiency of evidence based, in part, on contention that the testifying witnesses were not credible because "'the jury is exclusively responsible for determining a witness' credibility'") (quoting <u>United States v. Strauss</u>, 999 F.2d 692, 696 (2d Cir. 1993) (citations omitted in original)).

**B.    Verdict Against the Weight of the Evidence**

Petitioner claims, as he did on direct appeal, that the verdict is against the weight of the evidence because it allegedly turned on the credibility of two witnesses, Stedge and Rivera, both of whom testified to having extensive criminal records. Petitioner also asserts that none of the eye-witnesses gave a coherent narrative of what transpired on September 26, 2008.

A claim that a verdict was against the weight of the evidence derives from C.P.L. § 470.15(5), which permits an appellate court in New York to reserve or modify a conviction where it determines "that a verdict of conviction resulting in a judgment was, in whole or in part, against the weight of the evidence." N.Y. CRIM. PROC. LAW § 470.15. Since a "weight of the evidence claim" is purely a matter of state law, it is not cognizable on habeas review. <u>See</u> 28 U.S.C. § 2254(a) (permitting federal habeas corpus review only where the petitioner has alleged that he is in state custody in violation of "the Constitution or a federal law or treaty"). Indeed, "[f]ederal courts routinely dismiss claims attacking a verdict as against the

-13-

weight of the evidence on the basis that they are not federal constitutional issues cognizable in a habeas proceeding." Echevarria-Perez v. Burge, 779 F. Supp.2d 326, 333 (W.D.N.Y. 2011) (citing Ex parte Craig, 282 F. 138, 148 (2d Cir. 1922) (holding that "a writ of habeas corpus cannot be used to review the weight of evidence . . ."), aff'd, 263 U.S. 255 (1923); Garrett v. Perlman, 438 F. Supp.2d 467, 470 (S.D.N.Y. 2006) (same); other citations omitted). In keeping with this well-settled precedent, Petitioner's weight-of-the-evidence claim is dismissed as not cognizable in this habeas proceeding. Id.

### C.   Harsh and Excessive Sentence

On direct appeal, Petitioner contends that the sentence for his first degree gang assault conviction was harsh and excessive, and urged the Appellate Division to reduce it pursuant to the authority conferred by C.P.L. § 470.15(2)(c). It is well settled that, in the context of a habeas challenge to the length of a sentence, that "[n]o federal constitutional issue is presented where . . . the sentence is within the range prescribed by state law." White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992) (per curiam) (citing Underwood v. Kelly, 692 F. Supp. 146 (E.D.N.Y. 1988) (habeas petitioner's claim that his sentence was "unduly harsh and excessive" in light of his youth, his prior criminal record, and the absence of physical injury inflicted upon the victim, did not present a constitutional issue since it was within

the range prescribed by law), aff'd mem., 875 F.2d 857 (2d Cir. 1989)).

Petitioner was convicted of a Class B violent felony, see N.Y. Penal Law § 70.02(1)(a), and was found to be a second felony offender, see id., § 70.06(1)(a). Accordingly, the Penal Law required imposition of a determinate sentence of between 8 and 25 years, see N.Y. PENAL LAW § 70.06(6)(a), plus a period of post-release supervision of 5 years, see id., § 70.45(2). Here, the trial court imposed a determinate sentence of 13 years imprisonment with 5 years of post-release supervision. Therefore, Petitioner's 13-year sentence is within the range of years prescribed by law, and in fact is 12 years less than the maximum permitted under the statute. Because Petitioner's sentence is within the applicable range, his claim of excessive punishment does not present a constitutional question.

**V.    Conclusion**

For the foregoing reasons, Marvin J. Snyder's request for a writ of habeas corpus is denied, and the petition is dismissed. As there has been no substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                        S/Michael A. Telesca
                                    _____
                                        HON. MICHAEL A. TELESCA
                                    United States District Judge

Dated:      August 25, 2014
            Rochester, New York.